NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Taorio Giwah,

       Plaintiff,

  v.

Passaic County Jail, Department of Homeland
Security/ Bureau of Immigration and Customs
Enforcement,

       Defendants.

CIVIL ACTION NO. 06-1029
(DRD)

OPINION

Taorio Giwah
932 Caroll Street
Apartment 6E
Brooklyn, NY 11225

Plaintiff *Pro Se*

Susan Handler-Menahem, Esq.
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

Attorney for Defendant Department of Homeland Security/Bureau of Immigration and Customs Enforcement

**DEBEVOISE, Senior District Judge**

## I. PROCEDURAL HISTORY AND BACKGROUND

This court received the complaint of Plaintiff, Taorio Giwah, on March 3, 2006. The complaint alleges that Plaintiff was injured by the negligence of the staff of the Passaic County Jail, where he was held by the authority of the Bureau of Immigration and Customs Enforcement. Leaking water, Plaintiff contends, formed a puddle on which he slipped and injured himself, and

jail staff then failed to provide appropriate medical care.  (Compl.)[1]  Leave to proceed *in forma pauperis* was granted on March 30, 2006, and the complaint was filed on March 31, 2006.  On May 31, 2006, Defendant Bureau of Immigration and Customs Enforcement ("ICE") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), contending that it is immune from suit, and that this action is barred, even against a proper federal party, under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.  Plaintiff has not contested this motion.

## II.  DISCUSSION

### Standard of Review for Dismissal under Fed. R. Civ. P. 12(b)(6)

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Allegations contained in the complaint will be accepted as true, Cruz v. Beto, 405 U.S. 319, 322 (1972), and plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations."  Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  However, plaintiff is required to make factual allegations and cannot rely on conclusory recitations of law.  Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

### Sovereign Immunity

Plaintiff asserts that this court has jurisdiction under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Bivens created a right of action against federal agents for constitutional violations, not against the United States or its agencies.  See Bivens, 403 U.S. at 410 (Harlan, J., concurring).  Agencies of the federal government are not

---

[1]Plaintiff's factual allegations are contained in two paragraphs on pages 7 and 8 of a form provided to him.

amenable to suit under Bivens.  FDIC v. Meyer, 510 U.S. 471, 484-85 (1994).

Because the Plaintiff alleges negligence, Bivens may well be entirely irrelevant, since Plaintiff may not seek to make a constitutional argument, but rather an argument based on tort law.  To the extent that this is the case, Plaintiff's claim is barred by the doctrine of sovereign immunity.  There can be no suit against the United States absent an explicit waiver of sovereign immunity by Congress.  United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 455 U.S. 535, 538 (1980).  Under the relevant provision of the Federal Tort Claims Act, 28 U.S.C. § 2679(a):

> the authority of any federal agency to sue or be sued in its own name shall not be construed to authorize such suits against such federal agency on claims which are cognizable under section 1346(b) of this title and the remedies provided by this title shall be exclusive.

ICE therefore is not a proper defendant here.  See also Morano v. United States Naval Hospital, 437 F.2d 1009, 1010 n.1 (3d Cir. 1971) (naval hospital not a suable party under the Federal Tort Claims Act);  Blackmar v. Guerre, 342 U.S. 512,  (1951) (agencies of the United States government not subject to suit *eo nomine* absent congressional authorization). Furthermore, even if Plaintiff were permitted to amend his complaint to name the United States as a defendant, rather than ICE, the claim would still be barred by the Federal Tort Claims Act. 28 U.S.C. § 2675(a) requires that an administrative tort claim be filed and denied (or be still pending for at least six months) before a suit against the United States under the Federal Tort Claims Act may be initiated.  Plaintiff has made no allegation of filing such a claim.  Under the section of the complaint form that asks about Plaintiff's pursuit of administrative remedies, he wrote only "I filed a complain (sic) with the Bureau of Immigration and Custom (sic) and request for medical treatment without success except for the exray (sic) and pain medication from the

County Jail." (Compl. p. 6.)  Plaintiff's failure to file such an administrative claim is fatal to a suit in District Court. <u>Livera v. First National Bank</u>, 879 F.2d 1186, 1194 (3d Cir. 1989); <u>Roma v. United States</u>, 344 F.3d 352, 362 (3d Cir. 2003).

### III.  CONCLUSION

For the reasons set forth above, ICE's motion to dismiss Plaintiff's complaint as to it will be granted in its entirety.  The court will issue an order implementing this opinion.

       **/s/ Dickinson R. Debevoise**
       DICKINSON R. DEBEVOISE
       U.S.S.D.J.

Dated:      July 13, 2006